McGRATH, &c.<br>vs<br>BALSER.

---

## McGrath, &c. *vs* Balser.

ERROR TO THE FRANKLIN CIRCUIT.

*Chancery practice. Supplemental bill.*

JUDGE MARSHALL delivered the opinion of the Court.

ALTHOUGH it be in general true, that defendants served with process on the original bill, are bound to know all subsequent proceedings taken in the suit, and need not be again served with process upon new pleadings by complainant in the same, yet there are many cases in which the application of this rule would occasion great injustice and oppression. A defendant might be willing to submit to the claim made upon him in the original bill, or he may have been made a party without any claim being made upon him, but merely to conclude him by the decree, and upon inspection of the bill, he may consider that his interest does not require any defence, and his attention may be thus withdrawn from the suit; or some matter might arise out of Court, between himself and the complainant, which might authorize him fairly to suppose that the suit was at an end; and although he is technically in Court until the suit is formally terminated as to him, and is, therefore, presumed to be apprised of the proceedings in it; yet in the cases supposed and in others like them, he may well complain of surprise, and may be greatly wronged if by taking for confessed amended or supplemental bills of which he had in fact no notice, new claims not referred to in the original bill, are decreed against him, or if after a compromise in fact, by which the suit should be terminated, it is still carried on to a decree against him. In the last case the decree might be

*Right margin:*

CHANCERY.

*Case* 31.

*Oct.* 8.

It is the general rule that where process is served on an original bill, that the defendant is bound to take notice of all subsequent proceedings in the cause, tho' there are exceptions.

McGRATH, &c.
*vs*
BALSER.

set aside or corrected by a bill to be filed for that purpose by the defendant in the first suit. But it must be the right and duty of the Chancellor in all cases so to administer the rules of practice in his Court, as that they shall neither be made the instruments of obvious injustice, nor hold out inducements to either party to attempt to take an unjust advantage by surprise.

Where the parties to a suit in chancery had agreed upon a dismissal of the suit and an order was given by complainant for its dismission & defendant had agreed to pay a sum of money, upon filing an amended or supplemental bill suggesting the non compliance of defendant and asking a decree agreeably to the compromise, *process* should have issued on such bill.

In this case a supplemental bill, filed before any appearance by the defendants, states that the matters of the original bill had been compromised by the parties; that the defendants had agreed to pay a fixed sum, and the complainant had agreed to dismiss his suit; that he had accordingly executed a writing directing a dismissal of the suit, and that the defendants had fraudulently obtained possession of the writing, and without paying the sum agreed on, had filed it with the papers of the suit; and upon taking this supplemental bill for confessed, the sum alledged to have been agreed on was according to its prayer, decreed to the complainant.

It is admitted that if the supplemental bill be true in every particular, there is no hardship or injustice in the decree, whatever may be the actual surprise occasioned by it. But this might be said of every case of compromise of a pending suit, when before its actual dismissal, the complainant should, by supplemental bill, alledge such facts or such conduct on the part of the defendant as might render it proper, in the same suit, either to enforce the original demand or to enforce the compromise.

It may be said, that if the supplemental bill be true, the defendants ought to know that they would be liable to further proceedings in the suit. But if it be not altogether true, they would have good reason to suppose that the suit was at an end, and would not be further proceeded in. If the supplemental bill be not true, it is an unjust surprise upon the defendants to proceed further in the suit, and to take the bill for confessed; and the right to take the bill for confessed is only established by taking it for confessed. We think that in such a case, where upon the face of the supplemental bill, the question arises whether the complainant has a right to proceed further in the suit, and whether the defendant might not fairly have

considered it as being terminated; and where these questions can only be decided against the defendant by taking the bill for confessed, this course should not be pursued without new process or actual appearance and failure to answer.

Decree reversed, &c.

*Morehead & Reed* for plaintiffs: *Harlan & Craddock* for defendant.