CHIEF JUSTICE PETERS
delivered the opinion oe the court.
This action was brought by appellee October 26, 1869, in the Jefferson Court of Common Pleas, against Clarence Joyes and Mary L. Joyes, then his wife, to recover judgment for a debt contracted by Mrs. Joyes before her marriage.
Process was executed on her on the day the action was instituted, but not on Clarence Joyes until the 19th of March, 1872.
On the 27th of April, 1872, appellee moved the \court for judgment against the defendants by default. On the 4th of May, 1872, said motion being undisposed of, appellee filed an amended petition, in which he alleged that since he filed his original petition said Mary L. Joyes had obtained a divorce a vinculo matrimonii from said Clarence Joyes by a judgment of the Owen Circuit Court, filed a copy of said judgment, and prayed judgment against Mary L. Joyes for his debt and for all appropriate relief.
The judgment divorcing Mary L. Joyes from her husband was rendered the 20th of November, 1871.
No answer having been filed by either of the defendants, judgment was rendered against them on the 18th of May, 1872, with the qualification as to Clarence Joyes that any execution to be issued against him was to be levied on such property as may have come to> him by virtue of his marriage with Mary L. Joyes.
*546 On the 7th of April, 1873, appellant moved the court to quash the judgment. Her motion was overruled, and she prosecutes this appeal. Three grounds are relied on by the counsel for appellant for a reversal.
First—That there was no summons issued on the amended petition against either of the defendants.
Second—That at the time of the service of the summons on Clarence Joyes he was not the husband of appellant.
Third—That the judgment rendered in the case against Clarence Joyes is void; and being a joint one or an entirety,' and being void as to one, is void as to both.
We propose to consider these propositions in the order in which they are presented.
The general rule is that if an amended pleading presents a new and distinct cause of action from that presented in the original pleading, and of which the defendant could not be apprised by an inspection of the original pleading, then there should be service of process on the amendment. (Rutledge v. Vanmeter, 8 Bush, 354; McGrath v. Balser, 6 B. Mon. 141.) Does the amended petition present a new and distinct cause of action from that presented in the original petition?
The facts set forth' in the original petition as constituting appellee’s cause of action are that at different times before the bringing of his suit he and his partner had sold and delivered to Mary L. Joyes before her marriage, and at her special instance and request,- goods, wares, and merchandise to the amount claimed in the petition, and for which she had promised to pay them. And that at the time the suit was brought appellee was the owner of the debt, the firm having been theretofore dissolved and the debt sued for assigned to him.
Now was there a new and distinct cause of action set out in the amended petition—such a cause of action as appellant could not have understood or been apprised of by an inspection of the original petition ? The amended petition contains *547 a statement of but one fact, and that is that appellant had been by a judgment of the Owen Circuit Court divorced from Clarence Joyes after appellee instituted his suit. That was neither a new nor a distinct cause of action. It was no cause of action at all. The utmost effect that could be given to it might be that Clarence Joyes (perhaps by proper pleading) might have been entitled to a dismissal of the suit as to him; but appellant’s responsibility was not diminished thereby, and the cause of action against her was not materially changed. Hence no process was necessary on the amended petition.
It can not be controverted that at the time the judgment was rendered Clarence Joyes Avas not the husband of appellant. But does it follow that the judgment is void as to her?
Freeman on Judgments, sec. 136, says, “A judgment rendered against persons jointly liable is an entirety, and if Amid as to one defendant is void as to all. If in an action on a judgment against several joint defendants it appears that-one of them was never served with process, the judgment is considered as a nullity, even against the others. But it is different where the parties are severally liable.” This principle he states on the authority of Buffum v. Ramsdell (55 Maine, 252). In that case the complainant, to sustain his claim to a tract of land, offered in evidence a judgment in his favor against Joseph Bousley and Milton P. Locke, an execution thereon, and a levy on the land as the property of Bousley. The respondent, Avho also claimed under Bousley by prior deed, alleged to be fraudulent as against creditors, contested complainant’s title, on the ground that his judgment was erroneous.
It is conceded that Locke was not an inhabitant of the state, and no legal service was made on him. As to him it was decided that the court had no jurisdiction, and the judgment against him was void; and Penobscot Railroad v. Weeks (52 Maine, 456) is cited as authority. And upon a *548 number of authorities cited the court said, “The judgment being an entirety, if void in part, is void in all; if reversed as to one of the parties, must be reversed as to all.” But it is also said in the same case that in some cases where the judgment is several as to the parties it may be reversed as to one and affirmed as to the others. This is asserted on the authority of Whiting v. Cochran (9 Mass. 532).
In that case judgment was rendered against Whiting as principal, and against his goods, effects, and credits in the hands of Andrew Dexter and another who had been summoned as trustees, and had defaulted. One of the errors assigned was that Dexter was never served with a copy of the original writ. The court said, “As to the want of service on Dexter, one of the supposed trustees of the defendant, he is alone interested in that question, and the plaintiff in error loses nothing by the erroneous proceeding against him. If Dexter were to bring his writ of error, we should reverse only that part of the judgment which awards execution against Whiting’s effects in his hands.”
Are not the defendants in the judgment complained of severally liable? Clarence Joyes was by the judgment rendered against him only liable to appellee to the extent that he- had property of appellant, which came to him by virtue of his marriage with her. In the case cited Dexter, the assignee, was by the judgment made liable to the defendant in error to the extent that he had the goods and effects of his principal in his hands.
The analogy between the cases is perfect; and if Clarence Joyes were seeking a reversal of the judgment, that would present a different question; but, as was said in the case cited, appellant loses nothing by the judgment against Clarence Joyes, and not being prejudiced thereby, the error, if one exists, can not avail her.
Wherefore the judgment must be affirmed.