W. L. WELLER v. GEO. P. BISSELL ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—759.]

**Necessity of Summons on Amended Petition.**

There is no necessity of a summons on an amended petition when such petition merely corrects averments as to the date of a bond secured by mortgage and describes the bond more minutely than the original petition, and where the parties have been brought before the court on the original petition.

**Subdivision of Real Estate for Judicial Sale.**

In the foreclosure of a mortgage on real estate the court may consider the question as to whether a division of the lots described was practicable and to the interest of the parties; and where a tract is divided into a number of parcels and offered first in parcels and then as a whole, the rights of the parties are not lessened or prejudiced by the court's action in such subdivision of the property. Such a sale is not void and the purchaser and the parties are not injured.

**Irregularities in Judicial Sale.**

Even where there are some irregularities in a judicial sale of real estate, they will not effect the rights of the purchaser at such sale.

APPEAL FROM LOUISVILLE CHANCERY COURT.

April 13, 1882.

OPINION BY JUDGE PRYOR:

The original petition in this case alleged the execution of the bonds for $1,000 each with the coupons attached, and that the property was conveyed for the purpose of securing them by the husband and wife. The two parcels of land are particularly described and the chancellor asked to foreclose the mortgage. Polk and wife, who were nonresidents, were before the court by warning order on this petition. An attorney was also appointed, who made his report.

The only effect of the amended petition was to correct an error as to the date of the bonds, it being alleged in the petition that they were dated on the 25th of May when in fact they were dated on the 24th of the month. It gave a more minute description of the bond and the property and was only explanatory of the real condition of the ground sought to be sold,

that it had a depth of not quite so many feet as the mortgage described. This was not a new cause of action, or different in any essential matter from the facts as originally stated. There are no new or distinct claims set up in any of the amendments, and we think the question as to the necessity for a summons is settled in the case of *Joyes v. Hamilton,* 10 Bush (Ky.) 544.

The record further shows that on the cross-petition of the city of Louisville a warning order was entered and an attorney appointed on the 25th of May, 1880, after the amendment had been filed in which the city asked that the liens for taxes be enforced for four years and for the tax to become due in 1880. So the defendants, Polk and wife, were before the court when this claim was asserted, and under the prayer for general relief and that the liens be enforced and the lien for the year 1880 secured as against the appellees, Bissell and Polk and wife, the judgment enforcing the liens can not be held void even if erroneous.

The court must have considered the question as to whether or not a division of the lots was practicable and to the interest of the parties. It was divided into 13 parcels and then offered first in parcels and then as a whole, and we can not well see how the rights of the parties have been endangered or lessened by such action on the part of the chancellor. The sale failed to produce a sum sufficient to pay off the debt due the appellees, and while there may be a slight error in the calculation as to the amount of all the indebtedness it does not render a sale by the chancellor under it void; and when not bringing enough to satisfy the debt mentioned in the original action without applying any of it to the liens we can not see how either the purchaser can be prejudiced by it, or the owners of the property against whom the proceeding is had. There may be irregularities in the proceeding such as would enable the nonresidents to have the judgment vacated or a new trial; still this, if done, can not affect the rights of the purchaser. Nor do we adjudge that any ground exists for opening the judgment. The tenants occupying the property as lessees were made defendants. Their leases showed what rights they had under them. They had been made parties as well as Polk and wife, by the plaintiff, and while the chan-

cellor may have erred in not selling subject to their rights under the leases instead of permitting them to remove the buildings, still this is only error, and it is manifest upon the facts of the record the rights of the tenants have only been enforced under their respective contracts.

The bond executed in this case secured the nonresidents. The principal, or plaintiffs, were liable without the bond, and the tender and approval of the surety made the proceedings proper, and if not it does not render the judgment void. We perceive nothing in the record out of the many errors assigned affecting the appellant's title.

The question arising on the antenuptial contract between Polk and wife has also been considered. The contract by its terms vests the wife with a separate estate by excluding the husband and giving to the wife the absolute power to sell and dispose of the personal estate in every particular as if she were a feme sole. In relation to the real estate of the wife it is evident that the parties were attempting not to convert it into separate estate, but agreed to make an agreement by which the wife could dispose of it by last will. But this contract when entered into or fully executed was not to interfere with the power of the wife to alienate, sell or convey any part of the real estate during her life; nor was it to interfere in any manner with the marital rights of the husband or to lessen his rights as tenant by the curtesy.

There are no words of exclusion used and nothing indicating a separate estate, and a general estate in a married woman is aptly presented by the draftsman in the writing before us. The rights of the husband are fully protected and no power given the wife that she could not have exercised in the absence of this writing. A separate estate in the wife excludes the husband from its control, with the right of the wife to dispose of and control it for her own benefit. The writing before us gives the husband and the wife the same control as they had before it was executed. The right of the wife to enforce it as against the husband with a view of enabling her to dispose of it by last will and testament is not necessary to be considered. The right to sell and convey and the rights of the husband over it were ex-

pressly retained by both husband and wife, and having made the mortgage the property mortgaged is liable for the debt.

Judgement *affirmed.*

*Muir & Hayman, O. H. Stratton, for appellant.*

*Goodloe, Roberts & Humphrey, for appellees.*