## Keser v. Commonwealth.

(Decided October 3, 1922.)

### Appeal from Harlan Circuit Court.

1. Criminal Law—New Trial.—To authorize a court to grant a new trial on the ground of surprise, the defendant should show by convincing evidence that he was taken unawares and did not have reasonable opportunity to meet the evidence of the Commonwealth on the trial, and the showing should also contain the substance of the evidence and the names of the witnesses by whom he expects to convince the jury upon another trial of the correctness of his contention.

2. Criminal Law—New Trial.—Trial courts should be very careful in passing upon and sustaining motions for new trial. Where the facts shown in support of the application for new trial are of such convincing and unerring character as to satisfy a reasonable mind schooled in the consideration of such evidence that on another trial of the case the new facts presented would likely materially influence the verdict of the jury, the motion should be sustained and a new trial granted.

3. Criminal Law—Evidence.—Where the Commonwealth offers evidence to support a finding, it devolves upon the defendant to contradict the statement so made.

HALL, JONES & LEE and JOSEPH B. SNYDER for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

The indictment accuses appellant Keser of the offense of having in his possession whiskey for the purpose

of sale.  He at the time charged in the indictment was operating a restaurant and rooming house in the town of Poor fork, Harlan county.   The first trial of the case resulted in a hung jury, while the second one resulted in a verdict of guilty, fixing his fine at $300.00 and imposing a jail sentence of sixty days. Judgment being entered in accordance with the verdict, he prosecutes this appeal.

The evidence shows that about ten o'clock on Sunday morning a deputy sheriff with a search warrant and a posse went to the place of business of Keser for the purpose of searching it for whiskey.  Keser and another man were engaged in working on some showcases in the restaurant.  Appellant was sitting on the floor at work when the officers entered the restaurant.  After informing him of their purpose to search his place for whiskey and exhibiting their warrant, two of the posse went upstairs and made a search, while a third member of the posse remained with Keser.   There were several other persons in the restaurant at the time, some of whom had been there for an hour before the posse came.   Finding no whiskey on the second floor the members of the searching party came dowstairs and entered a room back of the restaurant on the first floor, where they opened a trunk and found a gallon of white whiskey.  While this search was going on in the house persons on the outside only a short distance away saw two jugs and some fruit jars containing whiskey thrown from the first floor window of the Keser house.  This whiskey came through the window of the room in which the officers found the gallon of white whiskey in a trunk..  This room was occupied by Pete Banish, a foreigner, who had rented the room some time before for one month.  On the first trial all the foregoing facts were shown.  On the second trial the Commonwealth called an additional witness named Boggs, who testified positively that he saw Keser throw the jugs and jars of whiskey from the window of his house, and this is the evidence of which appellant complains on this appeal and supplied the basis of his application for new trial on the grounds of surprise.   The fifth ground of his motion for a new trial in part reads: ''Because the defendant, since the trial of the above styled case has discovered evidence that is important and material to his defense, of which evidence he had no knowledge or information prior to the trial of this case, and by the use of such evidence on the trial of said case the jury would not have found a verdict against him.''   It appears that on

the first trial there was evidence given by the officers that the jugs and jars of liquor were found on the ground near the window of the house of Keser, and by other testimony it was shown that the jugs came from a window of said house, but there was no evidence to the effect that Keser threw said whiskey from the window. In support of the motion for a new trial Keser filed his own affidavit, in which he set forth that he was taken by surprise by the evidence of Boggs, who stated he saw Keser throw the whiskey from the window. He also filed the affidavit of J. F. Creech, who stated he remembered the occasion when the officers went to the house of Keser for the purpose of searching it for intoxicating liquor, and he watched the officers go to and enter the house of Keser and that after the officers entered the house he saw the jugs thrown from the window; that at that time the witness, Boggs, was with him and did not and could not have seen who threw the whiskey from the window but could only see the jugs and jars come from the window. A third affidavit, made by George Isom stated that he knew Keser's place and that he was in it at the time the officers came there for the purpose of searching for intoxicating liquors and had been in the house for an hour before the arrival of the officers; that Keser was working on the showcases in the restaurant all this time before the officers came and was so engaged at the time the officers arrived; that Keser did not leave the place of his work while the officers searched his house and did not, therefore, throw the jugs from the window. The same witness stated that he heard some one in the room from which the jugs were thrown, but at the time he so heard such person Keser was in the restaurant with the witness and a deputy sheriff and other persons. A fourth affidavit made by Joe Isom, states that at the time the officers came to search Keser's house he entered with them and saw his father, George Isom, and George Keser in the front room of the building, and that Keser was cleaning off showcases and remained in the restaurant with Deputy Sheriff Maggard while the other sheriffs searched the house. The officers who entered the house testified that as they entered they saw Keser and Isom at work on the showcases in the restaurant and that Keser was sitting on the floor. Deputy Sheriff Maggard further testified that he remained in the restaurant with Keser from the time the posse entered until it left and that Keser did not leave the restaurant and did not dur-

ing that time throw anything from the window. There was no evidence whatever that Keser owned the whiskey or kept it for the purpose of sale, except such as may be deduced from the circumstances. The strongest evidence offered by the Commonwealth was that given by Boggs, who stated he saw Keser throw the jugs from the window of his house. The overwhelming weight of the evidence is against Boggs upon this point. As he testified that the officers had entered the house before he saw the jugs thrown from the window and the officers testified that appellant was at work in the restaurant when they entered and did not leave their presence until after the jugs were thrown out, Boggs stands alone and unsupported. The uncontradicted affidavits filed by appellant showing that appellant was taken by surprise by the evidence of the witness Boggs, and further that said witness was mistaken and could not be correct in his statement that appellant threw the whiskey from his house, were sufficient, under the circumstances, to entitle appellant to a new trial, and it should have been granted. Trial courts should be very careful in passing upon and sustaining motions for new trial. The Kentucky rule is to sustain such motions only when the needs of justice require it. If the application is based upon newly discovered evidence it must be so unerring and convincing as to satisfy the mind of a reasonable trial judge that such evidence will probably have preponderating influence upon another trial, should a new trial be granted; and if the facts shown in support of the application for new trial be of such convincing and unerring character as to satisfy a reasonable mind, schooled in the consideration of such evidence, that on another trial of the case the new facts presented would likely materially influence the verdict of the jury, the motion should be sustained and a new trial granted. Owsley v. Owsley, 25 R. 1186.

All the evidence, except that of Boggs, when taken together, tends to support appellant's contention that he did not throw the jugs from the window, and to contradict the statement of the witness Boggs that he saw Keser throw the jugs from the window. As this evidence is practically all offered by the Commonwealth which would support a conviction, if indeed it is sufficient, the importance of its contradiction by appellant Keser cannot be overestimated. The surprise suffered by appellant on account of the evidence of Boggs was such as ordi-

nary prudence could not have guarded against, and a new trial should have been granted.

The sufficiency of the search warrant under which the evidence was obtained is not determined.

For these reasons the judgment is reversed for a new trial.

Judgment reversed.