## Heina v. Gramig.

(Decided March 27, 1925.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

New Trial—New Trial in Action of Assault and Battery Held Not Abuse of Court's Broad Discretion.—Where plaintiff provoked the assault and battery, and his injury was slight, and it was doubtful under evidence whether hernia was result of injury, and where verdict for $4,000.00 was obviously excessive, granting new trial held not abuse of court's broad discretion.

BECKHAM OVERSTREET and BERL BOYD for appellant.

DAVIES, PAGE & DOWNING and JOSEPH CONKLING for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Heina, brought this suit in the Jefferson circuit court against appellee, Gramig, to recover damages for injuries resulting to him from assault and bat-

tery alleged to have been inflicted by appellee, Gramig, on the 27th day of February, 1922. Both men were employed by the Progress Stove & Range Company, of Louisville. That concern operated a foundry. Appellant Heina, was a molder and, as we understand it, poured the molten metal, while appellee, Gramig, was superintendent and boss at the plant. On the afternoon of the day of the alleged assault and battery appellant, Heina, who was handling the molten metal, became intoxicated and was staggering. When this fact was made known to the superintendent, appellee, Gramig, he instructed one of the men to go tell Heina that he must withdraw from the work because it was dangerous to Heina as well as to the other employes for him to continue at the work while drunk. Heina continued at his work although he was staggering from intoxication. Fearing he would fall into the molten metal or cause it to be poured upon some of the employes to their injury, the superintendent made a second effort to induce Heina to quit his employment for the afternoon and until he sobered. This appears to have insulted Heina and he immediately went to see appellee, Gramig, to know why he had given such an order. When appellee told him that his drunken condition made it dangerous both to himself and other employes for him to continue in the work Heina became abusive to appellee and called him vile names. Thereupon appellee pushed or struck appellant and he fell over some rubbish with but slight injury. Other employes interfered. When appellee withdrew appellant became very boisterous and loud in his abuse of appellee, and as some of the evidences shows threatened him. When appellee returned appellant again called him vile names. Under the impulse of the instant appellee took hold of appellant and put him out of the foundry. Appellant says he was seriously injured in his person; that appellee kicked him in the abdomen, causing hernia. This is denied by appellee, who says appellant was suffering from hernia long before the affray.

Two jury trials were had, the first one resulting in a verdict for $4,000.00 in favor of appellant, Heina, and from which a new trial was granted by the lower court, and the last one in a verdict for appellee, Gramig. From the order granting a new trial from the first judgment, and the judgment entered upon the verdict in favor of defendant, Gramig, now appellee, this appeal is prosecuted.

The only question presented is the correctness of the ruling of the trial court in granting the new trial. Appellant in his brief says: "No reason having been given by the lower court in sustaining the motion for a new trial, and no good reason appearing to have existed for granting it, the judgment should be reversed and the case remanded with direction to set aside the last verdict and judgment and in lieu thereof to enter of record the first verdict and judgment in conformity therewith."

No reason was assigned by the lower court for the granting of the new trial. The case was a very doubtful one upon the facts. A second verdict rendered upon practically the same evidence as that presented to the first jury demonstrates the unsatisfactory nature of the case. The injuries received by appellant were little more than slight unless the hernia he suffered resulted from the fight. Whether it did or not is shrouded in doubt. At any rate appellant provoked the difficulty, according to the great weight of the evidence. He brought on the fight by his abusive language to appellee, Gramig. The provocation he offered was almost irresistible. It is not at all strange that Gramig resented the vile epithets applied to him by appellant Heina in his drunken condition. When all the facts are considered it is not strange that the lower court granted a new trial to appellee Gramig from the verdict and judgment for $4,000.00. That amount appears at first blush to be excessive.

The trial court has a broad discretion in granting or refusing new trials, and its judgment will not be disturbed because thereof, unless it appears that there has been an abuse of discretion. Louisville College of Dentistry v. Hartford Steam Boiler Co., 185 Ky. 778; Strode v. Strode, 194 Ky. 665; Keser v. Commonwealth, 195 Ky. 809; Steinke v. North Vernon Lumber Co., 190 Ky. 231.

We can discover no abuse of discretion upon the part of the lower court in granting appellee, Gramig, a new trial. In fact, we think it would have been an abuse of discretion to have refused a new trial under the facts and circumstances.

Judgment affirmed.