Elmore STEPHENS et al., Appellants,

v.

COMMONWEALTH of Kentucky,
Appellee.

Supreme Court of Kentucky.

April 1, 1977.

Rehearing Denied June 10, 1977.

Henry E. Hughes, Tackett, Keller, Hughes & Roney, Lexington, for appellants.

Robert F. Stephens, Atty. Gen., William H. Mohr, Asst. Atty. Gen., Frankfort, for appellee.

STEPHENSON, Justice.

Elmore Stephens and John Bishop were convicted of kidnapping, KRS 509.040, and each sentenced to twenty years' confinement in the penitentiary. Robert Channels was convicted of being an accomplice to the kidnapping by Elmore Stephens and John Bishop and was sentenced to twenty years' confinement in the penitentiary. In addition, all three appellants were found guilty of reckless homicide, KRS 507.050, and sentenced to one year in the penitentiary. We affirm.

On a Saturday afternoon, Stephens and Channels were the victims of an armed robbery at Channels' apartment. Channels identified the robbers to the police as Luron Taylor and Rodney Perkins. Later in the day, Stephens, Channels, and Bishop visited police headquarters inquiring if Taylor and Perkins had been apprehended. The three appellants learned the address of the apartment where Luron Taylor lived and then visited the apartment. Taylor was not at home. The three appellants proceeded to the apartment of a relative of Channels where they obtained a shotgun, which was returned by Channels the following day. The three appellants were seen together later in the evening between 10 p. m. and 11 p. m. Near midnight, as Luron Taylor and wife were returning to their apartment, they were intercepted by four armed men. They forced Luron Taylor into the trunk of an automobile and left the scene. Ten days later, Luron Taylor's body was found in the Ohio River near Louisville. Mrs. Taylor identified Stephens and Bishop as two of the abductors at a lineup and at the trial. She could not identify Channels.

Luron Taylor's fingerprints were found on a radio discovered in the trunk of Bishop's car.

One other witness tentatively identified Stephens as one of the abductors; and on the second day of the trial, one of the witnesses at the scene, Mike Marler, who before could not identity Stephens, informed the Commonwealth's attorney that he could now positively identify Stephens and so testified.

Channels admitted being at the scene when Luron Taylor was kidnapped, but stated he did not participate, that he was afraid to intervene, and further that he was in the company of an unknown man who committed the offense.

Bishop stated Channels was with him the entire evening. The three appellants were seen together about 1:30 a. m. after the incident.

Appellant Channels asserts there was insufficient evidence placing him at the scene with Stephens and Bishop in order to sustain a conviction.

Appellant Stephens asserts error in the denial of a motion for a new trial based upon surprise testimony introduced by the Commonwealth.

There is no assignment of error with respect to the conviction of appellant Bishop.

The thrust of Channels' assertion of error is that his admission of being at the scene of the abduction is insufficient evidence on which the jury could base a conviction. This argument ignores the other competent circumstantial evidence inculpating Channels. Bishop testified they were together throughout the evening. The three appellants were seen together before and after the crime. We are of the opinion from our review of the evidence that it was not unreasonable for the jury to find that Channels was at the scene and was guilty as an accomplice of Stephens and Bishop.

As to Stephens' argument that he is entitled to a new trial on the basis of the surprise testimony of Mike Marler, we are of the opinion the trial court did not commit an abuse of discretion in denying the motion for a new trial. Marler was a witness to the crime. He had been listed as a Commonwealth witness. This is not a case of misrepresentation by the Commonwealth's attorney. During the second day of the trial, Marler informed the Commonwealth that he could now positively identify Stephens. He was subject to cross-examination as to the reasons why he at first stated he could not make a positive identification, and as to his identification at the trial. Marler's identification was cumulative. Luron Taylor's wife had identified Stephens, another witness had made a tentative identification, and the other evidence linking the three appellants together militates against Stephens' argument that Marler's testimony was decisive and, thus, denied him a fair trial. We are of the opinion that *Keser v. Commonwealth*, 195 Ky. 809, 243 S.W. 1020 (1922), is not applicable to the facts of this case and that Stephens was not denied a fair trial by the admission of Marler's testimony.

The judgment is affirmed.

All concur.